UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY GARNER, | ) | Case No. 1:18-cv-2820 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson. |
| DOUGLAS FENDER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

In this habeas action, the Magistrate Judge recommends that the Court deny the petition for a writ of habeas corpus. (ECF No. 9.) In her Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 9, PageID #1244–53.) In short, a jury convicted Mr. Garner of several counts of rape, gross sexual imposition, kidnapping, and intimidation. Mr. Garner was sentenced to a prison term of life without the possibility of parole. Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*, PageID #1250–53.)

Petitioner asserts three grounds for relief. (ECF No. 1-2, PageID #17–19.) The Magistrate Judge recommends that the Court deny ground one (speedy trial) because Petitioner procedurally defaulted the claim. (ECF No. 9, PageID #1261.) The Magistrate Judge recommends dismissal of ground two (ineffective assistance of trial counsel) because Petitioner failed to demonstrate that the State appellate court

unreasonably applied the legal standard. (*Id.*, PageID #1269.) Further, the Magistrate Judge recommends dismissal on the merits because Petitioner failed to explain how his attorney rendered constitutionally deficient assistance of counsel and prejudiced his case. (*Id.*) Finally, in ground three (insufficient evidence), the Magistrate Judge recommends denying the claim on the merits. (*Id.*, PageID #1277.) The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may forfeit the right to appeal the Court's order. (*Id.*, PageID #1278.)

The Report and Recommendation was filed on the docket on December 14, 2022 (ECF No. 9) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Citing *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019), the Report and Recommendation informed Petitioner that "[f]ailure to file objections within the specified time may forfeit the right to appeal the District Court's order." (ECF No. 9, PageID #1278.)

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no

objections are filed"). The Sixth Circuit has clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 9) and **DISMISSES** this action **WITH PREJUDICE**. Further, the Court further **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED**.

Dated: April 10, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3